**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
:
STRIKE 3 HOLDINGS, LLC, :
: Case No. 1:23-cv-02996-NGG-MMH
Plaintiff, :
: **FIRST AMENDED COMPLAINT**
: **FOR COPYRIGHT**
vs. : **INFRINGEMENT**
:
JOHN DOE subscriber assigned IP address :
96.232.85.233, :
:
Defendant. :
---------------------------------------------------------------X

Plaintiff Strike 3 Holdings, LLC ("Strike 3" or "Plaintiff"), a Delaware limited liability company with its principal place of business located at 2140 S. Dupont Highway, Camden, Delaware 19934, brings this First Amended Complaint against Defendant John Doe subscriber assigned IP address 96.232.85.233 a/k/a ▉▉▉▉▉▉▉▉▉ ("Defendant"), and alleges as follows:

**Introduction**

1.  This is a case about the ongoing and wholesale copyright infringement of Plaintiff's motion pictures by Defendant.

2.  Plaintiff is the owner of award-winning, critically acclaimed adult motion pictures.

3.  Strike 3's Plaintiff's motion pictures are distributed through the *Blacked*, *Blacked Raw*, *MILFY*, *Slayed*, *Tushy*, *Tushy Raw*, and *Vixen* adult websites and DVDs. With millions of unique visitors to its websites each month, the brands are famous for redefining adult content, creating high-end, artistic, and performer-inspiring motion pictures produced with a Hollywood style budget and quality.

4.  Defendant is, in a word, stealing these works on a grand scale. Using the BitTorrent

1

protocol, Defendant is committing rampant and wholesale copyright infringement by downloading Strike 3's motion pictures as well as distributing them to others. Defendant did not infringe just one or two of Strike 3's motion pictures but has been recorded infringing 30 movies over an extended period of time.

5. Although Defendant attempted to hide this theft by infringing Plaintiff's content anonymously, this court's order permitted Plaintiff to serve a subpoena on Defendant's Internet Service Provider ("ISP"), Verizon Fios ("Verizon"), to discover the identity of the subscriber assigned IP address 96.232.85.233, the IP address Defendant used to download and share Plaintiff's works.

6. Based on Plaintiff's investigation of the subscriber and publicly available resources, Plaintiff identified Defendant as the true infringer.

7. This is a civil action seeking damages under the United States Copyright Act of 1976, *as amended*, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").

## Jurisdiction and Venue

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (jurisdiction over copyright actions).

9. This Court has personal jurisdiction over Defendant because Defendant used an Internet Protocol address ("IP address") traced to a physical address located within this District to commit copyright infringement. Therefore: (i) Defendant committed the tortious conduct alleged in this First Amended Complaint in New York; (ii) Defendant resides in New York and/or; (iii) Defendant has engaged in substantial – and not isolated – business activity in New York.

10. Pursuant to 28 U.S.C. § 1391(b) and (c), venue is proper in this District because: (i) a substantial part of the events or omissions giving rise to the claims occurred in this District;

and, (ii) the Defendant resides (and therefore can be found) in this District and resides in New York. Additionally, venue is proper in this District pursuant 28 U.S.C. § 1400(a) (venue for copyright cases) because Defendant resides or may be found in this District.

## Parties

11. Plaintiff Strike 3 Holdings, LLC, is a Delaware limited liability company located at 2140 S. Dupont Hwy, Camden, DE 19934.

12. Defendant ▓▓▓▓▓▓▓▓▓▓ is an individual currently residing at ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

## Factual Background

### *Plaintiff's Award-Winning Copyrights*

13. Strike 3's subscription-based websites proudly boast a paid subscriber base that is one of the highest of any adult-content sites in the world. Strike 3 also licenses its motion pictures to popular broadcasters and Strike 3's motion pictures are the number one selling adult DVDs in the United States.

14. Strike 3's motion pictures and websites have won numerous awards, such as "best cinematography," "best new studio," and "adult site of the year."

15. Strike 3's motion pictures have had positive global impact, leading more adult studios to invest in better content, higher pay for performers, and to treat each performer with respect and like an artist.

16. Unfortunately, Strike 3, like a large number of other makers of motion picture and television works, has a major problem with Internet piracy. Often appearing among the most infringed popular entertainment content on torrent websites, Strike 3's motion pictures are among the most pirated content in the world.

*Defendant Used the BitTorrent File Distribution Network*
*to Infringe Plaintiff's Copyrights*

17. BitTorrent is a system designed to quickly distribute large files over the Internet. Instead of downloading a file, such as a movie, from a single source, BitTorrent users are able to connect to the computers of other BitTorrent users in order to simultaneously download and upload pieces of the file from and to other users.

18. BitTorrent's popularity stems from the ability of users to directly interact with each other to distribute a large file without creating a heavy load on any individual source computer and/or network. It enables Plaintiff's motion pictures, which are often filmed in state of the art 4kHD, to be transferred quickly and efficiently.

19. To share a movie within the BitTorrent network, a user first uses BitTorrent software to create a .torrent file from the original digital media file. This process breaks the original digital media file down into numerous pieces.

20. The entire movie file being shared has a hash value (*i.e.*, the "File Hash"). A hash value is an alpha-numeric value of a fixed length that uniquely identifies data.

21. Hash values are not arbitrarily assigned to data merely for identification purposes, but rather are the product of a cryptographic algorithm applied to the data itself. As such, while two identical sets of data will produce the same cryptographic hash value, any change to the underlying data – no matter how small – will change the cryptographic hash value that correlates to it.

22. To find and re-assemble the pieces of the digital media file, *i.e.*, to download the file using BitTorrent, a user must obtain the .torrent file for the specific file that has been broken down into pieces.

23. Each .torrent file contains important metadata with respect to the pieces of the file.

When this data is put into the cryptographic algorithm, it results in a hash value called the "Info Hash."

24. The "Info Hash" is the data that the BitTorrent protocol uses to identify and locate the other pieces of the desired file (in this case, the desired file is the respective file for the infringing motion pictures that are the subject of this action) across the BitTorrent network.

25. Using the Info Hash in the metadata of a .torrent file, a user may collect all the pieces of the digital media file that correlates with the specific .torrent file.

26. Once a user downloads all of the pieces of that digital media file from other BitTorrent users, the digital media file is automatically reassembled into its original form, ready for playing.

27. Plaintiff has developed, owns, and operates an infringement detection system, named "VXN Scan."

28. Using VXN Scan, Plaintiff discovered that Defendant used the BitTorrent file network to illegally download and distribute Plaintiff's copyrighted motion pictures.

29. To explain, while Defendant was using the BitTorrent file distribution network, VXN Scan established direct TCP/IP connections with Defendant's IP address.

30. VXN Scan downloaded from Defendant one or more pieces of numerous digital media files.

31. Plaintiff identified these pieces as portions of infringing copies of Strike 3's motion pictures.

32. To explain, the VXN Scan system first searched for and obtained .torrent files claiming to be infringing copies of Plaintiff's works, and then downloaded complete copies of the digital media files that correlate to those .torrent files.

5

33. Plaintiff then compared the completed digital media files to Plaintiff's copyrighted works to determine whether they are infringing copies of one of Plaintiff's copyrighted works.

34. The digital media files have been verified to contain a digital copy of a motion picture that is identical (or, alternatively, strikingly similar or substantially similar) to Plaintiff's corresponding original copyrighted Works.

35. VXN Scan then used the "Info Hash" value, contained within the metadata of the .torrent file correlated with a digital media file that was determined to be identical (or substantially similar) to a copyrighted work, to download a piece (or pieces) of the same digital media file from Defendant using the BitTorrent network.

36. At no point did VXN Scan upload content to any BitTorrent user. Indeed, it is incapable of doing so.

37. The VXN Scan captured transactions from Defendant sharing specific pieces of 30 digital media files that have been determined to be identical (or substantially similar) to a copyrighted work(s) that Plaintiff owns.

38. VXN Scan recorded each transaction in a PCAP file.

39. VXN Scan recorded multiple transactions in this matter.

40. For each work infringed a single transaction is listed on Exhibit A.

41. For each transaction listed, Exhibit A sets forth the Universal Time Coordinated (UTC) time and date of each transaction, along with (1) the Info Hash value obtained from the metadata of the corresponding .torrent file that formed the basis of the VXN Scan's request for data, and (2) the File Hash value of the digital media file itself.

42. Exhibit A also sets forth relevant copyright information for each work at issue: the date of publication, the date of registration, and the work's copyright registration number. In a

showing of good faith, Plaintiff has intentionally omitted the title of the work from this public filing due to the adult nature of its content, but can provide a version of Exhibit A containing the works' titles to the Court or any party upon request.

43. Thus, Defendant downloaded, copied, and distributed Plaintiff's Works without authorization.

44. Defendant's infringement was continuous and ongoing.

45. Plaintiff owns the copyrights to the Works and the Works have been registered with the United States Copyright Office.

46. Plaintiff seeks statutory damages, attorneys' fees, and costs under 17 U.S.C. § 501 of the United States Copyright Act.

### *Discovery Will Likely Show that Defendant is the Individual Who Infringed Plaintiff's Copyrighted Works*

47. Plaintiff's investigation has determined that Defendant is the person who used IP address 96.232.85.233 to infringe on its copyrighted works.

48. Plaintiff utilized the Maxmind geolocation service to determine the ISP that assigned IP address 96.232.85.233 (to determine the correct ISP to whom a subpoena can be sent) and the geographic location of the subscriber of that IP address (to determine the proper venue in which to file an action).

49. Maxmind reported that IP address 96.232.85.233 was assigned by Verizon to a subscriber approximately located in Brooklyn, New York.

50. After the Court granted Plaintiff's request to conduct limited expedited discovery, Plaintiff served the court-authorized subpoena on the ISP on July 20, 2023.

51. On July 20, 2023, the ISP confirmed receipt of the subpoena.

52. On July 24, 2024, the ISP notified Plaintiff's counsel that notification of the

7

subpoena was being sent to the subscriber *via* regular mail on July 24, 2023.

53. VXN Scan last recorded infringing activity concerning its Works emanating from IP address 96.232.85.233 on August 1, 2023.

54. VXN Scan last recorded BitTorrent-related activity emanating from IP address 96.232.85.233 on August 18, 2023.

55. The ISP responded to the subpoena and identified Defendant as the subscriber to whom the ISP had assigned the IP address to during at least one date of infringement and provided Defendant's address identified in paragraph 12.

56. After receiving the ISP's response to the subpoena, Plaintiff reviewed publicly available information for Defendant and any individuals who, upon information and belief, may have resided in the residence (and therefore had sufficient access to the IP address during the period of infringement).

57. Defendant lived at the residence identified in paragraph 12 above during the period of infringement.

58. Upon information and belief, Defendant was the only occupant who lived at the residence identified in paragraph 12 above during the period of infringement.

59. During the period of infringement recorded by Plaintiff's VXN software, a single BitTorrent client, called μTorrent, was observed being used to download and distribute files through IP address 96.232.85.233.

60. The use of a single BitTorrent client indicates that only one (1) individual is using IP address 96.232.85.233 to download and distribute works using the BitTorrent protocol.

61. Plaintiff also logged BitTorrent network activity emanating from IP address 96.232.85.233 involving works other than Plaintiff's 30 copyrighted works during the period of

infringement. Collectively, this evidence is referred to as the "Additional Evidence."

62. Plaintiff's Additional Evidence indicates that IP address 96.232.85.233 was used to download and distribute at least 8,626 files relating to other adult movies and mainstream media (*i.e.*, movies, music, books, software, TV shows, and other works) using the BitTorrent protocol during the period of infringement.

63. This consistent and prolonged history of BitTorrent activity indicates that the infringer is unlikely to be a houseguest or infrequent visitor.

64. Publicly available records indicate strong matches between the BitTorrent activity identified in Plaintiff's Additional Evidence and Defendant.

65. Defendant's publicly available social media indicates that Defendant is currently employed as a Senior Graphic Designer for a marketing agency.

66. Defendant's publicly available social media indicates that Defendant is skilled in graphic design.

67. Plaintiff's Additional Evidence lists files related to Defendant's skills in graphic design, including, but not limited to:

    a. *DS.SolidWorks.2020.SP0.Premium.rar.torrent*;

    b. *[sgi-alias]_studio_power_animator_80_irix_cd1.rar*;

    c. *ArtRage Studio Pro 4.5.9 [MAC]*;

    d. *Artweaver Plus 7.1.0 + Crack.rar*;

    e. *Blender 2.78c (Windows 32 &amp; 64-bit) last Nov 15 2018*;

    f. *BluffTitler Ultimate 13.0.0.3 Incl Crack*;

    g. *BluffTitler Ultimate 14.1.0.7 + Patch [CracksMind]*;

    h. *BluffTitler Ultimate 14.3.0.9 + Patch + Portable*;

9

    i. *Cinema 4D R17 and BodyPaint 3D R17;*

    j. *Corel Draw Graphics Suite X7 2 Win32-XFORCE-32;*

    k. *Corel Draw Graphics Suite X8;*

    l. *Corel Painter 2017 v16.0.0.400 (x64) + Keygen;*

    m. *CorelDRAW Graphics Suite 2019 v21.0.0.593 (x64) Ml;*

    n. *CorelDRAW Graphics Suite X8 v18.1.0.661 SpecialEazyDraw 10.9.0 [HCiSO]_Torrentmac.net.dmg;*

    o. *SideFX Houdini FX 15 Windows + Crack;*

    p. *SideFx Houdini FX 17.5.269 + Crack;* and

    q. *SolidWorks 2013 SP3.0 [32 Bit - 64 Bit] [MULTi]*

68. Defendant's publicly available social media indicates that Defendant is skilled in photo editing and page layouts.

69. Plaintiff's Additional Evidence lists files related to Defendant's skills in photo editing and page layouts, including, but not limited to:

    a. *Mojosoft Photo Calendar Studio 2016 2.00 [PL] [Serial] [AT-TEAM].rar;*

    b. *Phase One Capture One Pro 10.1.0.161 - 64bit.rar;*

    c. *[ DevCourseWeb.com ] Making Great Location Portraits with the Profoto B1 X.zip;*

    d. *[ FreeCourseWeb.com ] Night Photography - How to Adobe Photoshop long exposure.zip;*

    e. *Photoshop for Photographers 2013 - The Ultimate Guide To getting The Most Out Of Your pho;*

    f. *ACDSee Photo Studio Ultimate (x64) 2019 build 13.1.0.1132;*

 g. *Brush Pilot 2.1 + Serial Complete ABR Brush Management Tool for Adobe Photoshop*;

 h. *Camera Bits Photo Mechanic 6.0 Build 5560*;

 i. *Capture One Pro 11 1 1 10 Patched Mac OS X} [CracksMind]*;

 j. *DxO FilmPack 5.5.19 Build 587 Elite Multilingual*;

 k. *DxO Optics Pro Elite 11.0 [MAC]*;

 l. *DxO PhotoLab ELITE Edition 1.1.0.56 Pathed {Mac OS X] [CracksMind]*;

 m. *FastFlix 5.5.2 + portable*;

 n. *InPixio Photo Editor 8.6 Multilingual*;

 o. *Photo Mechanic 6 6.0 build 3954 158b808 [TNT] mac-torrent-download.net.zip*;

 p. *PhotoGrid Video &amp; Pic Photo Editor v7 19 build 71900006 [Premium] APKMAZA}*;

 q. *PhotoGrid-Premium-v7.18_build_71800004.apk*;

 r. *Photoscape v3.7.1.2 For Windows 7 Full Crack*;

 s. *Photoshop CS5 MAC OSX*;

 t. *PickU Photo Cut Out Editor &amp; Background Editor v3.2.6 Premium Mod Apk {CracksHash}*;

 u. *Picsart AI Photo Editor, Video v22.0 Premium Mod Apk {CracksHash}*;

 v. *Picture Instruments Image 2 LUT Pro 1.0.8 (64-bit)*;

 w. *Pinnacle Studio Plus v9.3 [Multilanguage][www.pctorrent.com]*; and

 x. *SILKYPIX JPEG Photography 8 2 14 0.*

70. Defendant's publicly available social media indicates that Defendant is skilled in

web design.

71. Plaintiff's Additional Evidence lists files related to Defendant's skills in web design, including, but not limited to:

    a. *JetBrains PhpStorm 2018.1.5 + Crack*; and

    b. *StudioLine Web Designer Pro 4.2.58 incl Serial Key*.

72. Defendant's publicly available social media indicates that Defendant is skilled in in the use of digital design software, sketching, and drawing.

73. Plaintiff's Additional Evidence lists files related to Defendant's skills in digital design software, sketching, and drawing, including, but not limited to:

    a. *Artist Toolbox - Elizabeth T. Gilbert - Surfaces & Supports: A practical guide to drawing*;

    b. *Doodles Unleashed Mixed Media Techniques for Doodling, Mark Making*;

    c. *Google SketchUp Pro 2018 v23.1.1461 v24.1.1460(x86 x64)*;

    d. *Google SketchUp Pro 2018 v26.4.1457(x86 x64)*;

    e. *Sketch Up 5 Pro - The 3D Design program for non-CAD people  incl*;

    f. *SketchUp Pro 2016 v16.0.19911 + Crack [FU]*;

    g. *SketchUp Pro 2016 v16.0.19911 + Crack [FU]-forum.org*;

    h. *SketchUp Pro 2016 v17.1.19912 + Crack*;

    i. *SketchUp Pro 2016 v28.0.19911 + Crack*; and

    j. *SketchUp Pro 2019 v16.1.19922 + Crack*.

74. Defendant's publicly available social media indicates that Defendant is skilled in video production and video editing.

75. Plaintiff's Additional Evidence lists files related to Defendant's skills in video

production and video editing, including, but not limited to:

a. *Film Directing Fundamentals, See Your Film Before Shooting[Team*;

b. *Sony Catalyst Production Suite v2016.1.1 Setup + Crack*;

c. *Movavi Video Editor 14.5.0 + Crack [CracksMind]*;

d. *Movavi Video Editor Plus 17.6.13 + Crack*;

e. *Movavi Video Suite 16.0.2 Multilingual + Crack*;

f. *[MographPlus] The Ultimate Introduction to Arnold 6 and 7 for Cinema 4D*;

g. *Add Music To Video &amp; Editor v5.5 (Pro) Premium Mod Apk [APKISM]*;

h. *Apple Final Cut Pro X 10.2.3 Mac OS X Pre-cracked*;

i. *Apple Final Cut Pro X 10.4.1 Mac OS X*;

j. *Apple Final Cut Pro X 18.2.6 (Mac Os X) [coque599]*;

k. *Blackmagic Design DaVinci Resolve Studio 18.2.4.28 + Crack*;

l. *Blaze Media Pro Portable 8.02 Special Edition*;

m. *Boris FX Sapphire Adobe 2019.5 CE.zip*;

n. *Camtasia Studio FULL 8.1.2 + Serials-ThumperDC*;

o. *Camtasia Studio v9.0.0 Build 1306 Final + Keygen*;

p. *Color Finale 1.4.16 for Final Cut Pro X [Mac Os X] [coque599]*;

q. *Gilisoft Movie DVD Converter 2023 v19.19.254 + Patch*;

r. *GiliSoft Movie DVD Creator v6.0.0 + KeyGen – CrackingPatching*;

s. *GiliSoft Video Editor 21.0.0 Multilingual*;

t. *MAGIX Video Pro X10 16.0.1.236 Pre-Cracked [CracksMind]*;

u. *Red Bullet Magic Looks v. 1.4.3 with Core keygen*;

v. *Red Giant Shooter Suite 13.1.1 (x64) + Serial Keys [SadeemPC].zip*;

13

w. *Sony Vega Pro 18 32Bits + crack*;

x. *Sony Vegas Pro 13 Build 479 (32-64 bit patch-KHG)*;

y. *Sony Vegas Pro 13.0 Build 453 (x64) + Patch DI*;

z. *Sony Vegas Pro 15.0 Build 374 + Ativador*;

aa. *Sony Vegas Pro 15.3 Build 385+ Ativador*;

bb. *Sony Vegas Pro 17.0.0 Build 421 incl Patch [CrackingPatching].exe*;

cc. *Sony Vegas Pro 24.3.5 build 310 (64 bit)*; and

dd. *Wondershare Filmora 9127 x64 Multilingual PreActivated*.

76. Defendant's publicly available social media indicates that Defendant possesses a Bachelor of Technology degree.

77. Defendant's strong technical background indicates that it is unlikely that he has removed any factory-set password protection from his router.

78. Defendant's strong technical background indicates that it is unlikely that he did not institute password protections on his router if they were not present by default.

79. Upon information and belief, Defendant's router was password protected throughout the period of infringement.

## COUNT I
## Direct Copyright Infringement

80. The allegations contained in paragraphs 1–79 are hereby re-alleged as if fully set forth herein.

81. Plaintiff is the owner of the Works, which are each an original work of authorship.

82. Defendant copied and distributed the constituent elements of Plaintiff's Works using the BitTorrent protocol.

83. At no point in time did Plaintiff authorize, permit or consent to Defendant's

distribution of its Works, expressly or otherwise.

84. As a result of the foregoing, Defendant violated Plaintiff's exclusive right to:

(A) Reproduce its Works in copies, in violation of 17 U.S.C. §§ 106(1) and 501;

(B) Distribute copies of the Works to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501;

(C) Perform the copyrighted Works, in violation of 17 U.S.C. §§ 106(4) and 501, by showing the Works' images in any sequence and/or by making the sounds accompanying the Works' audible and transmitting said performance of the work, by means of a device or process, to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definitions of "perform" and "publicly" perform); and

(D) Display the copyrighted Works, in violation of 17 U.S.C. §§ 106(5) and 501, by showing individual images of the works non-sequentially and transmitting said display of the works by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publicly" display).

85. Defendant's infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

**WHEREFORE**, Plaintiff respectfully requests that the Court:

(A) Permanently enjoin Defendant from continuing to infringe Plaintiff's copyrighted Works;

(B) Order that Defendant delete and permanently remove the digital media files relating to Plaintiff's Works from each of the computers under Defendant's possession, custody or control;

(C) Order that Defendant delete and permanently remove the infringing copies of the Works Defendant has on computers under Defendant's possession, custody or control;

(D)     Award Plaintiff statutory damages per infringed work pursuant to 17 U.S.C. § 504(a) and (c);

(E)     Award Plaintiff its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505;

(F)     Prejudgment and post-judgment interest at the applicable rate; and

(G)     Grant such other and further relief as this Court may deem appropriate under law and equity.

## DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: January 26, 2024

Respectfully submitted,

By: */s/ John C. Atkin*
John C. Atkin, Esq.
The Atkin Firm, LLC
JAtkin@atkinfirm.com
400 Rella Blvd., Suite 165
Suffern, NY 10901
Tel.: (973) 314-8010 / Fax: (833) 693-1201
*Attorneys for Plaintiff*